Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com

Attorneys for Plaintiffs,
LAFACE RECORDS LLC; WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; MAVERICK RECORDING COMPANY; ARISTA RECORDS LLC; and ZOMBA RECORDING LLC

ORIGINAL
FILED
FEB 21 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing
HRL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LAFACE RECORDS LLC, a Delaware limited liability company; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; ARISTA RECORDS LLC, a Delaware limited liability company; and ZOMBA RECORDING LLC, a Delaware limited liability company,
    Plaintiffs,

v.

JOHN DOE,
    Defendant.

CASE NO. CV 08 1043

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. Venue in this District is proper. See 28 U.S.C. §§ 1391(b), 1400(a). Although the true identity of Defendant is unknown to Plaintiffs at this time, on information and belief, Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, Defendant contracted with an Internet Service Provider ("ISP") found in this District to provide Defendant with the access to the Internet which facilitated Defendant's infringing activities.

## PARTIES

4. Plaintiff LaFace Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5. Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

6. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7. Plaintiff Maverick Recording Company is a joint venture between SR/MDM Venture Inc. and Maverick Records LLC, organized and existing under the laws of the State of California, with its principal place of business in the State of California.

8. Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

9. Plaintiff ZOMBA RECORDING LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

10. The true name and capacity of Defendant are unknown to Plaintiffs at this time. Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant by his or her ISP on the date and time of Defendant's infringing activity. See Exhibit A. Plaintiffs believe that information obtained in discovery will lead to the identification of Defendant's true name.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

11. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

12. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of Exhibit A.

13. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

14. Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has continuously used, and continues to use, an online media distribution system to download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies

1 the IP address with the date and time of capture and a list of copyrighted recordings that Defendant
2 has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public.
3 Through his or her continuous and ongoing acts of downloading and/or distributing to the public the
4 Copyrighted Recordings, Defendant has violated Plaintiffs' exclusive rights of reproduction and
5 distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive
6 rights under copyright. (In addition to the sound recordings listed on Exhibit A, Plaintiffs are
7 informed and believe Defendant has, without the permission or consent of Plaintiffs, continuously
8 downloaded and/or distributed to the public additional sound recordings owned by or exclusively
9 licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of
10 infringement are ongoing. Exhibit A includes the currently-known total number of audio files being
11 distributed by Defendant.)

12   15.   Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on
13 each respective album cover of each of the sound recordings identified in Exhibit A. These notices
14 of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.
15 These published copies were widely available, and each of the published copies of the sound
16 recordings identified in Exhibit A was accessible by Defendant.

17   16.   Plaintiffs are informed and believe that the foregoing acts of infringement have been
18 willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

19   17.   As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights
20 under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against
21 Defendant for each infringement of each copyrighted recording. Plaintiffs further are entitled to
22 their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

23   18.   The conduct of Defendant is causing and, unless enjoined and restrained by this
24 Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated
25 or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502
26 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing
27 Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound
28 recordings made in violation of Plaintiffs' exclusive rights.

3

Complaint for Copyright Infringement
Case No.
#35677 v1

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings or to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

Dated: February 21, 2008

HOLME ROBERTS & OWEN LLP

By: /s/ Matthew Franklin Jaksa

MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
LAFACE RECORDS LLC; WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; MAVERICK RECORDING COMPANY; ARISTA RECORDS LLC; and ZOMBA RECORDING LLC

**EXHIBIT A**

**JOHN DOE**

**IP Address:** 169.233.10.242 2007-10-16 19:20:17 EDT          **CASE ID#** 145151486

**P2P Network:** AresWarezUS                                    **Total Audio Files:** 85

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| LaFace Records LLC | Pink | Can't Take Me Home | Can't Take Me Home | 279-958 |
| Warner Bros. Records Inc. | Faith Hill | Breathe | Breathe | 276-629 |
| UMG Recordings, Inc. | Nelly Furtado | Say It Right | Loose | 387-509 |
| Maverick Recording Company | Alanis Morissette | Hand in My Pocket | Jagged Little Pill | 213-545 |
| Arista Records LLC | Dido | Sand in My Shoes | Life for Rent | 340-392 |
| UMG Recordings, Inc. | Nelly Furtado | Promiscuous | Promiscuous (single) | 391-618 |
| Zomba Recording LLC | Justin Timberlake | Cry Me a River | Justified | 319-834 |
| Warner Bros. Records Inc. | Madonna | Hung Up | Confessions on a Dance Floor | 375-278 |