```
 1  Matthew Franklin Jaksa (CA State Bar No. 248072)
    HOLME ROBERTS & OWEN LLP
 2  560 Mission Street, 25th Floor
    San Francisco, CA  94105-2994
 3  Telephone:  (415) 268-2000
 4  Facsimile:   (415) 268-1999
    Email:        matt.jaksa@hro.com
 5
 6  Attorneys for Plaintiffs,
    LAFACE RECORDS LLC; WARNER BROS.
 7  RECORDS INC.; UMG RECORDINGS, INC.;
    MAVERICK RECORDING COMPANY; ARISTA
 8  RECORDS LLC; and ZOMBA RECORDING LLC
 9
```

**ORIGINAL**

**E-filing**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LAFACE RECORDS LLC, a Delaware limited liability company; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; ARISTA RECORDS LLC, a Delaware limited liability company; and ZOMBA RECORDING LLC, a Delaware limited liability company,
              Plaintiffs,

v.

JOHN DOE,
              Defendant.

CASE NO. CV 08 1043 HRL

***EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#35679 v1

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe, who is being sued for direct copyright infringement.[1]

2. As alleged in the complaint, Defendant John Doe, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant John Doe, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant John Doe or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

---

[1] Because Plaintiffs do not yet know Defendant's true identity, Plaintiffs are unable to personally serve Defendant with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("If the person served has no known address, [service under Rule 5(a) is made by] leaving a copy with the clerk of the court.") and will serve Defendant's ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify the Defendants of the subpoena and provide Defendant with an opportunity to object.

1
Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#35679 v1

1  WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the
2  foregoing requested discovery immediately.

3  Dated: February 21, 2008

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
LAFACE RECORDS LLC; WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; MAVERICK RECORDING COMPANY; ARISTA RECORDS LLC; and ZOMBA RECORDING LLC