1  Dawniell Zavala (CA State Bar No. 251130)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
   San Francisco, CA  94105-2994
3  Telephone:  (415) 268-2000
   Facsimile:   (415) 268-1999
4  Email:        dawniell.zavala@hro.com
5
6  Attorneys for Plaintiffs,
   LAFACE RECORDS LLC; WARNER BROS.
7  RECORDS INC.; UMG RECORDINGS, INC.;
   MAVERICK RECORDING COMPANY; ARISTA
8  RECORDS LLC; and ZOMBA RECORDING LLC
9

10                 UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
11                       SAN JOSE DIVISION
12

13  LAFACE RECORDS LLC, a Delaware limited          CASE NO. 3:08-CV-01043-PJH
    liability company; WARNER BROS.
14  RECORDS INC., a Delaware corporation;
    UMG RECORDINGS, INC., a Delaware               **FIRST AMENDED COMPLAINT FOR
15  corporation; MAVERICK RECORDING                COPYRIGHT INFRINGEMENT**
    COMPANY, a California joint venture;
16  ARISTA RECORDS LLC, a Delaware limited
    liability company; and ZOMBA RECORDING
17  LLC, a Delaware limited liability company,
18
19                      Plaintiffs,
20         v.
21
    MAYZABEEN KHAN,
22
                        Defendant.
23
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. 3:08-cv-01043-PJH
#38056 v1

**JURISDICTION AND VENUE**

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

2.     This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3.     This Court has personal jurisdiction over the Defendant, Mayzabeen Khan, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, the Defendant resides in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

**PARTIES**

4.     Plaintiff LaFace Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5.     Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

6.     Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7.     Plaintiff Maverick Recording Company is a joint venture between SR/MDM Venture Inc. and Maverick Records LLC, organized and existing under the laws of the State of California, with its principal place of business in the State of California.

8.     Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

9.     Plaintiff ZOMBA RECORDING LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

1

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. 3:08-cv-01043-PJH
#38056 v1

1        10.    Plaintiffs are informed and believe that Defendant is an individual who resided

2    within this District at the time of the infringement complained of herein.  Upon information and

3    belief, Defendant may still be found in this District.

COUNT I

**INFRINGEMENT OF COPYRIGHTS**

6        11.    Plaintiffs incorporate herein by this reference each and every allegation contained in

7    each paragraph above.

8        12.    Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of

9    exclusive rights under United States copyright law with respect to certain copyrighted sound

10    recordings, including but not limited to, all of the copyrighted sound recordings on **Exhibit A** to this

11    Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted

12    Recordings").  Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright

13    Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified

14    on Exhibit A.

15        13.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the

16    exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted

17    Recordings to the public.

18        14.    Much of the unlawful distribution of copyrighted sound recordings over the Internet

19    occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution

20    systems.  P2P networks, at least in their most popular form, refer to computer systems or processes

21    that enable Internet users to search for files (including audio recordings) stored on other users'

22    computers and transfer exact copies of files from one computer to another via the Internet, which can

23    include both downloading an exact copy of that file onto the user's own computer and distributing an

24    exact copy of that file to other Internet users on the same P2P network.  P2P networks enable users

25    who otherwise would have no connection with, or knowledge of, each other to provide a

26    sophisticated search mechanism by which users can locate these files for downloading and to

27    reproduce and distribute files off of their personal computers.

28

2

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. 3:08-cv-01043-PJH
#38056 v1

15. Users of P2P networks who distribute files over a network can be identified by using Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer. Users of P2P networks can be identified by their IP addresses because each computer or network device (such as a router) that connects to a P2P network must have a unique IP address within the Internet to deliver files from one computer or network device to another. Two computers cannot effectively function if they are connected to the Internet with the same IP address at the same time.

16. Plaintiffs identified an individual using Ares on the P2P network AresWarez at IP address 169.233.10.242 on October 16, 2007 at 19:20:17 EDT distributing 85 audio files over the Internet. The Defendant was identified as the individual responsible for that IP address at that date and time. Plaintiffs are informed and believe that as of October 16, 2007, Defendant, without the permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to download and/or distribute to the public the Copyrighted Recordings. Exhibit A identifies the date and time of capture and a list of Copyrighted Recordings that Defendant has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public. Through Defendant's continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

17. In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and believe that Defendant has, without the permission or consent of Plaintiffs, continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are ongoing.

18. Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.

3

1   These published copies were widely available, and each of the published copies of the sound

2   recordings identified in Exhibit A was accessible by Defendant.

3       19.   Plaintiffs are informed and believe that the foregoing acts of infringement have been

4   willful and intentional, in disregard of and indifference to the rights of Plaintiffs.

5       20.   As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights

6   under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for

7   Defendant's infringement of each of the Copyrighted Recordings.  Plaintiffs further are entitled to

8   their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

9       21.   The conduct of Defendant is causing and, unless enjoined and restrained by this

10   Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated

11   or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502

12   and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing

13   Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in

14   violation of Plaintiffs' exclusive rights.

15       WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

16           1.    For an injunction providing:

17   "Defendant shall be and hereby is enjoined from directly or indirectly
     infringing Plaintiffs' rights under federal or state law in the
18   Copyrighted Recordings and any sound recording, whether now in
     existence or later created, that is owned or controlled by Plaintiffs (or
19   any parent, subsidiary, or affiliate record label of Plaintiffs)
     ("Plaintiffs' Recordings"), including without limitation by using the
20   Internet or any online media distribution system to reproduce (i.e.,
     download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any
21   of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings
     available for distribution to the public, except pursuant to a lawful
22   license or with the express authority of Plaintiffs.  Defendant also shall
     destroy all copies of Plaintiffs' Recordings that Defendant has
23   downloaded onto any computer hard drive or server without Plaintiffs'
     authorization and shall destroy all copies of those downloaded
24   recordings transferred onto any physical medium or device in
     Defendant's possession, custody, or control."

25           2.    For statutory damages for each infringement of each Copyrighted Recording

26   pursuant to 17 U.S.C. § 504.

27           3.    For Plaintiffs' costs in this action.

28

4

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. 3:08-cv-01043-PJH
#38056 v1

1        4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

2        5.    For such other and further relief as the Court may deem just and proper.

3

4    Dated: June 4, 2008                        HOLME ROBERTS & OWEN LLP

5

6                                   By:  _____

7                                       DAWNIELL ZAVALA

8                                       Attorney for Plaintiffs
                                 LAFACE RECORDS LLC; WARNER

9                                     BROS. RECORDS INC.; UMG
                                 RECORDINGS, INC.; MAVERICK

10                                    RECORDING COMPANY; ARISTA
                                 RECORDS LLC; and ZOMBA

11                                    RECORDING LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. 3:08-cv-01043-PJH
#38056 v1

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# MAYZABEEN KHAN

| IP Address: 169.233.10.242 2007-10-16 19:20:17 EDT | CASE ID# 145151486 |
|---|---|
| P2P Network: AresWarez | Total Audio Files: 85 |

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| LaFace Records LLC | Pink | Can't Take Me Home | Can't Take Me Home | 279-958 |
| Warner Bros. Records Inc. | Faith Hill | Breathe | Breathe | 276-629 |
| UMG Recordings, Inc. | Nelly Furtado | Say It Right | Loose | 387-509 |
| Maverick Recording Company | Alanis Morissette | Hand in My Pocket | Jagged Little Pill | 213-545 |
| Arista Records LLC | Dido | Sand in My Shoes | Life for Rent | 340-392 |
| UMG Recordings, Inc. | Nelly Furtado | Promiscuous | Promiscuous (single) | 391-618 |
| Zomba Recording LLC | Justin Timberlake | Cry Me a River | Justified | 319-834 |
| Warner Bros. Records Inc. | Madonna | Hung Up | Confessions on a Dance Floor | 375-278 |