Dawniell Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:         dawniell.zavala@hro.com

Attorneys for Plaintiffs,
LAFACE RECORDS LLC; WARNER BROS.
RECORDS INC.; UMG RECORDINGS, INC.;
MAVERICK RECORDING COMPANY; ARISTA
RECORDS LLC; and ZOMBA RECORDING LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LAFACE RECORDS LLC, a Delaware limited liability company; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; ARISTA RECORDS LLC, a Delaware limited liability company; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>               Plaintiffs,<br><br>   v.<br><br>MAYZABEEN KHAN,<br><br>               Defendant. | CASE NO. 3:08-CV-01043-PJH<br><br>Honorable Phyllis J. Hamilton<br><br>***EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND TO EXTEND TIME TO SERVE DEFENDANT WITH PROCESS AND [P~~ROPOSED~~] ORDER** |

1  Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m)
2  and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant Mayzabeen Khan
3  ("Defendant") with the Summons and Complaint.  Plaintiffs also request that the case management
4  conference be rescheduled from June 26, 2008, at 2:30 p.m. to September 25, 2008, in order to allow
5  adequate time for Plaintiffs to serve Defendant and for Defendant to respond prior to the conference.
6  As further explained below, since filing their First Amended Complaint on June 4, 2008, Plaintiffs
7  have unsuccessfully attempted personal service on Defendant.  Plaintiffs anticipate that a 90 day
8  extension of time will be sufficient to effectuate service.  In support of their request, Plaintiffs state
9  as follows:

10  1.  Plaintiffs filed their initial Complaint for Copyright Infringement against a
11  John Doe defendant on February 21, 2007.  In order to determine the Doe defendant's true identity,
12  Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery requesting that the
13  Court enter an order allowing Plaintiffs to serve a Rule 45 subpoena on Defendant's Internet Service
14  Provider ("ISP") – here, University of California, Santa Cruz ("UCSC").  Declaration of Dawniell
15  Alise Zavala ("Zavala Decl."), ¶ 3.

16  2.  The Court entered an Order for Leave to take Immediate Discovery on
17  February 27, 2008, which was served upon UCSC along with a Rule 45 subpoena.  On April 16,
18  2008, UCSC responded to Plaintiffs' subpoena, identifying the defendant, Mayzabeen Khan.  Zavala
19  Decl., ¶ 4.

20  3.  Plaintiffs' council then sent a letter to Ms. Khan on April 29, 2008 notifying
21  her of their claims for copyright infringement and encouraging her to make contact to attempt to
22  amicably resolve this matter.  Zavala Decl., ¶ 6.  Despite multiple follow-up conversations with Ms.
23  Khan and her Attorney by telephone and e-mail, Plaintiffs have been unable to resolve the matter.
24  Zavala Decl., ¶¶ 7-9.

25  4.  Accordingly, on June 4, 2008, Plaintiffs filed the First Amended Complaint
26  naming Ms. Khan, individually, as the defendant.  At that time (which is less than 30 days ago),
27  Plaintiffs then engaged a process server to serve the Defendant with process.  Zavala Decl., ¶¶ 10-
28

*EX PARTE* APPLICATION AND [PROPOSED] ORDER
Case No. 3:08-cv-01043-PJH
#38305 v1

11. Plaintiffs have thus had less than 120 days within which to serve the First Amended Complaint upon Defendant.

5. Plaintiffs have since made an attempt to personally serve Defendant with process at the address provided by the ISP, but have so far been unsuccessful. When the process server attempted to serve Defendant at this address, an individual who identified himself as Nishat Khan stated that only he and his wife, Yasmin Khan, live there and that the Defendant, Mayzabeen Khan was unknown to him. Zavala Decl., ¶ 11.

6. Plaintiffs then conducted an online investigation, which confirmed that Defendant has lived, and potentially still does live, at the address provided by the ISP. The investigation also indicated that Nishat and Yasmin Khan may be relatives of Defendant living at this address. Plaintiffs will conduct a more thorough investigation to determine Defendant's true address to effectuate service, and if no new addresses are discovered, Plaintiffs will continue service attempts at the original address. Zavala Decl., ¶¶ 12, 13.

7. The current deadline for service of process expires on June 20, 2008. The Court has not granted, and Plaintiffs have not previously requested, any case management conference continuances or extensions of service deadlines in this case. Zavala Decl., ¶ 13. Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days – until September 18, 2008 – to effectuate service, so that they may continue to attempt to serve Defendant.

8. Plaintiffs submit that good cause exists under Rule 4(m) for an additional extension of time to serve Defendant. *See Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions); *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 275 (M.D. Fla. 1995) (finding good cause to expand the time limit for service where plaintiff made a "reasonable effort to serve defendant"). This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996). First, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing a complaint, in this case Plaintiffs first had to obtain Defendant's identity through the subpoena to UCSC. Second, after receiving the subpoena response from UCSC, Plaintiffs sent Defendant written notice of their claims, and attempted in good faith to

1  contact Defendant and resolve the matter without naming her in the lawsuit or causing further
2  litigation costs for both parties.  Finally, after filing the First Amended Complaint naming Defendant
3  individually, Plaintiffs have made diligent attempts to effectuate service, making ==multiple service
4  attempts== at the address provided by UCSC in the subpoena response.  Zavala Decl. ¶ 11.

5         9.     Because the copyright infringements here occurred in 2007, the three-year
6  limitations period for these claims has not expired.  *See* 17 U.S.C. § 507(b) (2000).  There can thus
7  be no prejudice to the Defendant from any delay in serving the Complaint.

Dated:  June 18, 2008                                          HOLME ROBERTS & OWEN LLP


                                                               By:  _____/s/ Dawniell Alise Zavala____
                                                                    DAWNIELL ALISE ZAVALA
                                                                    Attorney for Plaintiffs


### ORDER

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve Defendant with process be extended to September 18, 2008.

**IT IS FURTHER ORDERED** that the case management conference currently set for June 26, 2008, at 2:30 p.m. be continued to September 25, 2008.  The parties shall file a Joint Case Management Statement by September 18, 2008.

Dated:  6/20/08                              By: _____
                                                  Judge Phyllis J. Hamilton
                                                  United States District Judge

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*
*UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

# PROOF OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the office of Holme Roberts & Owen in San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 560 Mission Street, 25th Floor, San Francisco, CA 94105.

On June 19, 2008, I served the foregoing documents described as:

**(1) *EX PARTE* APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND TO EXTEND TIME TO SERVE DEFENDANT WITH PROCESS AND [PROPOSED] ORDER; and (2) DECLARATION OF DAWNIELL ALISE ZAVALA IN SUPPORT OF *EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT WITH PROCESS**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as to Defendant's attorney as follows:

> **John A. Stonich**
> **Law Offices of John A. Stonich**
> **79 Devine Street, Suite 201**
> **San Jose, CA  95110-2483**

☒ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 19, 2008 at San Francisco, California.

*Della Grant*
_____
Della Grant